James P. Flynn
vs.                    No. 83871.
Matthew J. Gallagher

July 15, 1931.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $534.41.

This is a suit brought to recover the sum of $500 with interest. The amount $500 is the sum of two claims; one for $400 and a second for $100.

In March of 1930 Flynn was desirous of buying a house and he was shown one on Peckham Avenue in North Providence by Ambrose P. McCoy, who was an agent for the defendant. A price of $9000 was agreed upon and Flynn made a deposit of $400 which was paid to Gallagher himself. Shortly after this, McCoy went to Flynn and, according to Flynn, asked

him to release his rights on the house and offered to repay him the "binder" of $400 and an additional $100 if he would do so. Flynn asked for twenty-four hours to think over the proposition. He decided to accept McCoy's offer and so informed him. Flynn countermanded the order which he had given to his attorney to have the title of the property examined and ultimately purchased another property but not through Gallagher.

McCoy denied that he made an absolute offer to Flynn and said that it was conditional; that it was necessary to first ascertain whether Flynn was willing to release Gallagher and that it was also necessary for Gallagher to inspect certain property in Attleboro which he was to receive for the property on Peckham Avenue from the second customer. Gallagher later testified that he inspected the property in Attleboro and decided that he did not want it. He denied that McCoy was given authority to do more than sound out Flynn and make him a conditional offer.

Flynn afterward made a demand for the $400 which he had paid as a "binder" and also for the $100 which was the consideration to be paid him for releasing Gallagher from his agreement to sell him the house on Peckham Avenue. This demand was not acceded to by Gallagher, who took the position that he had always been ready to carry out his agreement to convey the Peckham Avenue property to Flynn and that he had never made any absolute offer of $100 for his release from this conveyance.

In addition to the testimony mentioned there was also testimony that Flynn had obtained information which tended to indicate that the Peckham Avenue house had a wet cellar and that it was because of that that he did not carry out his agreement to purchase.

Flynn did not claim specifically that McCoy had said in so many words that he had been given authority to make the offer of $100 and both McCoy and Gallagher denied the authority on the part of McCoy to make more than a conditional offer. Was there, then, apparent authority? Might Flynn reasonably gather from all the circumstances, from the language used by McCoy, from the fact that McCoy came directly from Gallagher, that there was such authority?

Flynn is a teacher. He appeared to be an intelligent man, one who could understand a proposition that was made to him and could repeat it accurately. It was for the jury to say what this proposition was which was made to Flynn by McCoy; whether it was an absolute offer as testified to by Flynn or a conditional one as stated by McCoy. The jury evidently determined that the version given by Flynn was the correct one. It was then necessary for them to decide whether McCoy was authorized by Gallagher to make a positive offer.

The jury had the benefit of seeing and hearing all the parties. There was evidence, the Court thinks, tending to support the view that there was authority and also evidence that the authority was limited as testified to by both Gallagher and McCoy. Upon all the evidence the Court thinks the question of apparent authority was for the jury and that their verdict was justified and that it does substantial justice between the parties.

Defendant's motion for a new trial is therefore denied.

For plaintiff: Charles E. Mangan.
For defendant: James G. Connolly.